UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FREDERICK A. YOUNG,<br>KENNETH GEISLER,<br>DUSTIN W. DAY,<br><br>Petitioners,<br><br>v.<br><br>MARK SEVIER,<br>MIKE BRAUM GOV,<br>LLOYD ARNOLD Comm.,<br><br>Respondents. | ) | No. 1:25-cv-02140-JPH-MKK |

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

On May 11, 2026, the Court ordered Petitioner Frederick A. Young to show cause why this habeas action under 28 U.S.C. § 2254 should not be dismissed because (1) he lacks the qualifications to act as a class representative; (2) the claims raised in the petition do not meet the requirements of a habeas class action; and (3) the action is duplicative because Mr. Young has another pending federal habeas action challenging his confinement under the same state court judgment of conviction. Dkt. 6. The Court directed Mr. Young to respond by June 5, 2026. *Id.* at 6.

The Court noted that although prisoners Kenneth Geisler and Dustin W. Day also appeared on the complaint form, only Mr. Young had signed the pleading. *Id.* at 1, 5. Nor did the complaint allege any facts about the circumstances or convictions of Mr. Geisler, Mr. Day, or Mr. Joseph Lenart—who does not appear in the petition but signed another paper in this action. *Id.*

at 3 (citing dkt. 5). The Court denied Mr. Young's motion to certify a class (dkt. 5) and sent forms and instructions for filing a petition under § 2254 to Mr. Geisler, Mr. Day, and Mr. Lenart. *Id.* at 5–6. None of those prisoners have since filed a completed § 2254 petition in this district.

On May 26, 2026, the Court received Mr. Young's motion for leave to amend his complaint and response to the order to show cause. Dkt. 7. But rather than respond to the Court's order to show cause, this filing raises new allegations and claims not included in Mr. Young's petition and does not reiterate the claims from his original petition. Mr. Young did not wait for the court to rule on this motion and on July 13, 2026, filed what he labels his amended petition for a writ of habeas corpus. Dkt. 9. Taken together, these filings assert that certain conditions of Mr. Young's parole—barring him from possessing a cell phone, being in a relationship with an adult female—violate "his Right to Be free from any Ex Post Facto Laws." Dkt. 7 at 1. Mr. Young states that he committed a sex crime in 2003, and a jury convicted him in 2004. Dkt. 9 at 1. During his sentencing, the trial court determined that Mr. Young was not likely to reoffend and did not label him a "sexually violent predator" under Indiana Code §§ 35-38-1-7.5. *Id.* at 1–2. But in 2006, the State of Indiana passed new laws amending the definition of a "sex offender" under § 35-38-1-7.5 and other sections. *Id.* at 2. Mr. Young asserts that under the updated laws, he was automatically labeled a sexually violent predator, even though the sentencing court had not given him that label. *Id.* Mr. Young asserts that this change is "an Ex Post Facto viol[at]ion" because it occurred

after he committed his crimes. Dkt. 7 at 2–5. He seeks leave to amend his complaint based on the U.S. Supreme Court's recent decision in *Ellingburg v. United States*, 607 U.S. 163 (2026), which held that restitution under the Mandatory Victims Restitution Act of 1996 is a criminal punishment and could not be imposed on an offender who committed his crime before that law was enacted. *Id.* at 6; Dkt. 9 at 2–3.

On June 12, 2026, the court received an additional filing from Mr. Young titled "Order to Show Cause." Dkt. 8. This filing asks the Court "to rule on [Mr. Young's] Ex Post Facto claim as non-duplicate [*sic*]." *Id.* at 1. Mr. Young states that he filed a motion in his other case pending before a different judge in this district (*Young v. Warden, New Castle Correctional Facility*, 1:25-cv-2566-TWP-CSW) asking that court "to stay or Dismiss his habeas petition until he exhausted all of his available remedies." *Id.* He asks this Court "to Rule on his Ex Post Facto claim" for the same reasons detailed in his motion to amend and his proposed amended petition. *Id.* at 1–2.

Mr. Young's response to the Court's order to show cause does not in fact respond to that order. Mr. Young's new filings instead attempt to raise a new claim for review not included in the original petition. His new filings do not address the Court's determination that he cannot act as a class representative on behalf of himself and Mr. Geisler, Mr. Day, and Mr. Lenart. Dkt. 6 at 5. Nor do these filings provide a reason why the Court should not dismiss this action because Mr. Young has a separate habeas petition pending in case 1:25-cv-2566-TWP-CSW challenging the same sentence he challenges in his petition in

this Court. *Id.* at 6. "The Seventh Circuit has stated that allowing two habeas petitions challenging the same state proceedings to proceed in parallel may constitute an 'abuse of the writ' for the same reason that second or success habeas petitions are prohibited, absent approval of the Court of Appeals." *Scuteri v. Pretorius*, Case No. 2:25-CV-00536-JPH-MG, 2025 WL 3215740, at *1 (S.D. Ind. Nov. 17, 2025) (quoting *Turner v. Farley*, 53 F.3d 333 (7th Cir. 1995) (unpublished); and citing *Higgason v. Clark*, 984 F.2d 203, 204 (7th Cir. 1993) ("[C]hanneling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs.")). As the Court noted in the order to show cause, Mr. Young's petitions in his concurrent cases challenge "his confinement under the same state conviction and sentence." Dkt. 6 at 5–6. Although Mr. Young states that he has asked the court in his other case to dismiss the action and allow him to exhaust his administrative remedies, he has not asked this Court to dismiss this action. Mr. Young could have sought leave to amend his petition to include all claims he wishes to raise to challenge his 2004 conviction, *see Scuteri*, 2025 WL 3215740, at *1 (citing *McGinnis v. Stevens*, Case No. 24-cv-1312-pp, 2025 WL 1555221, at *2 (E.D. Wis. May 30, 2025)), but he instead sought only to add a new claim in this case. He cannot proceed in both actions simultaneously and on different claims.

For the reasons explained in the order to show cause, and because Mr. Young has in effect failed to respond to that order, this action is **dismissed without prejudice** as duplicative. Mr. Young's motion for leave to amend the

petition, dkt. [7], and his request that the Court rule on his Ex Post Facto claim, dkt. [8], are **denied**. Because no reasonable jurist would disagree with the Court's resolution of this action, no certificate of appealability shall issue. 28 U.S.C. § 2253(c).

Final judgment shall enter by separate order.

**SO ORDERED.**

Date: 9/23/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FREDERICK A. YOUNG
146437
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

KENNETH GEISLER
278298
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

DUSTIN W. DAY
280542
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362